IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LINDSEY NELSON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 108-033 |
| | ) |
| DAVID L. FRAZIER, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] One of Petitioner's objections is worthy of discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

The January 27, 2009 Report and Recommendation found that the claims presented by Petitioner in his § 2254 petition were either procedurally defaulted or without merit. (See generally doc. no. 16). Petitioner has objected, arguing that the state habeas court erroneously determined that his claims regarding the alleged impermissible merger of the burglary charges were procedurally defaulted because he did not raise them on direct appeal. (See doc. no. 20, pp. 2-7). Therefore, according to Petitioner, this Court should decline to follow the state habeas court's finding of procedural default of this claim.

---

[1] Petitioner was previously granted a thirty (30) day extension to file his objections to the Report and Recommendation. (See doc. no. 19).

In support of his argument, Petitioner cites the Georgia Supreme Court case of Curtis v. State, 571 S.E.2d 376 (Ga. 2002), which held that the issue of merger of included offenses is not waived by failure to raise it at trial. Id. at 379. However, this argument is misguided, as the rule set forth in Curtis is not applicable to Petitioner's case. Indeed, the rule that the issue of merger is not waived by failure to raise it at trial only applies where one is convicted of "a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted." Id. (citation omitted). This only occurs where the facts supporting one conviction are identical to the facts supporting the other conviction. Id. at 380.

Here, Petitioner contends that his convictions of burglary with intent to commit theft and burglary with the intent to commit terroristic threats were impermissibly merged. However, the facts supporting each of those convictions are separate and distinct. Indeed, the facts supporting Petitioner's conviction for the first burglary count were his unauthorized entry into the victim's home and the presence of valuable items in the victim's home. Nelson v. State, 625 S.E.2d 465, 469 (Ga. Ct. App. 2005) (citing Legg v. State 419 S.E.2d 151, 153 (Ga. Ct. App. 1992) (holding that the intent to commit theft may be inferred by the presence of valuables in the residence)). The facts supporting Petitioner's conviction for the second burglary count also included the unauthorized entry and, separate and distinct from the first burglary charge, Petitioner's threats to kill or otherwise assault the victim. Id. at 468. Thus, it cannot be said that both burglary convictions were supported by the same facts such that

Petitioner would be entitled to the benefit of the rule set forth in <u>Curtis</u>. Accordingly, this objection is without merit and is **OVERRULED**.[2]

Therefore, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Accordingly, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 16th day of March, 2009, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2]Petitioner's remaining objections are likewise without merit and are also **OVERRULED**.

3